

```
                                    FILED
                                   FEB 1 5 2006
                            UNITED STATES BANKRUPTCY COURT
                            EASTERN DISTRICT OF CALIFORNIA
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 05-34927-C-7 |
| EDWARD LATIN and | MC No. PGM-1 |
| NANCY E. LATIN, | MC No. PGM-2 |
| | MC No. PGM-3 |
| Debtors. | MC No. PGM-4 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION TO AVOID LIEN**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014. Evidence was taken pursuant to Federal Rule of Civil Procedure 43(e), as incorporated by Federal Rule of Bankruptcy Procedure 9017 and as invoked by Local Bankruptcy Rule 9014(e).

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(K).

43

## Findings of Fact

On January 11, 2006, the debtors filed a motion requesting that this court avoid judgment liens in favor of Hardy, Erich, Brown & Wilson, Patricia Lonon, Union Bank of California, and Alan Kropp & Associates ("the creditors") because the lien impairs the debtors' personal property exemptions. Debtors listed no ownership interest in any real property on their bankruptcy schedules. A hearing was scheduled for February 14, 2006, to consider the motion. Upon review of the record, the court decided to submit the matter on the record presented and removed the matter from calendar.

## Conclusions of Law

A debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that the lien impairs an exemption that is properly claimed and to which there is no objection. 11 U.S.C. § 522(f)(1).

Under California law, to place a lien on a judgment debtor's personal property, the judgment creditor must file a Notice of Judgment Lien with the California Secretary of State's Office. Cal. Civ. Proc. Code §§ 697.510-697.670.

Here, the judgment creditors recorded abstracts of judgments with the Sacramento County Recorder's office. Such action is necessary to place a lien on a judgment debtor's interest in real property. Here, debtors' schedules do not show that they have an ownership interest in any real property. Further, the debtors' motions do not indicate that the judgment

Case 05-34927    Filed 02/15/06    Doc 43

creditors filed Notices of Judgment Liens with the Secretary of State's office.  Because such Notice is necessary to create a lien on the debtors' personal property, the judgment creditors lack a lien on debtors' personal property and thus the debtors' personal property exemptions cannot be impaired.

Because the debtors' personal property exemptions are not impaired, the debtors' motions will be denied as unnecessary.  An appropriate order will issue.

Dated: February 15, 2006

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Edward & Nancy Latin
2140 Gold Coin Ct.
Gold River, CA 95670-8149

Peter G. Macaluso
910 Florin Rd. #111
Sacramento, CA 95831-5259

Michael F. Burkart
5150 Fair Oaks Blvd. #101-185
Carmichael, CA 95608

Office of the U.S. Trustee
501 I St., Ste. 7-500
Sacramento, CA 95814

Dated: 2/21/06

_____
Deputy Clerk